IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLTON PAYNE,

       Plaintiff,

v.

CORRECTIONAL OFFICER C. SENUTA, et al.,

       Defendants.
_____/

No. C 09-4084 CW (PR)

ORDER OF SERVICE

## INTRODUCTION

Plaintiff Carlton Payne, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging claims of retaliation and deliberate indifference to safety. Plaintiff's motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred PBSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names PBSP Correctional Officers C. Senuta, R.J. Lesina and J.R. Bemrose. Plaintiff seeks monetary damages.

On March 22, 2010, Plaintiff filed a request to add PBSP Acting Warden Francisco Jacques as a Defendant in this action.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

II. Legal Claims

A. Deliberate Indifference Claim

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. See Farmer, 511 U.S. at 834. Deliberate indifference occurs when an official knows of and

disregards an excessive risk to inmate health or safety.  <u>Id.</u> at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  <u>See</u> <u>id.</u>  Neither negligence nor gross negligence are sufficient to constitute deliberate indifference.  <u>Id.</u> at 835-36, n.4; <u>see</u> <u>also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence).

Plaintiff alleges that on March 24, 2009, Defendant Senuta acted with deliberate indifference to his physical safety by releasing him into an exercise area along with another inmate who subsequently assaulted Plaintiff.  Plaintiff claims that Defendants Senuta and Bemrose acted with deliberate indifference by failing to intervene while Plaintiff was being attacked.  Furthermore, Plaintiff claims that Defendant Lesina acted with deliberate indifference by responding to the scene and shooting him in the eye and face with a high-pressure chemical agent that caused him pain and temporary blindness in both eyes.  Plaintiff claims he suffered from obstructed vision and physical pain.

Liberally construing the complaint, Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Senuta, Lesina and Bemrose stemming from the March 24, 2009 incident.

B.   Retaliation Claim

Plaintiff alleges that the inmate assault on March 24, 2009, was permitted in retaliation for five complaints he previously filed against PBSP officers including: Officers B.L. Benson and Keys on November 9, 2008; Officer J. Peebles on December 25, 2008;

3

Officer Silvera on January 19, 2009; Officer M. Hutchinson on February 26, 2009; and Officer I. Parker on March 6, 2009.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  The prisoner also must allege the defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  See Mt. Healthy, 429 U.S. at 287. Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a

4

nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").

Here, Plaintiff's complaints were filed against other PBSP officers. Plaintiff does not allege that prior to the March 24, 2009 incident, Defendants Senuta, Lesina and Bemrose were aware that he filed these complaints. Defendants must have known about the protected conduct for it to be the cause of the adverse activity. See Huskey, 204 F.3d at 899. Therefore, Plaintiff's retaliation claim against Defendants Senuta, Lesina and Bemrose is DISMISSED with leave to amend. In his amendment to the complaint, Plaintiff must allege that Defendants Senuta, Lesina and Bemrose knew about the complaints he filed against the other PBSP officers, and also that it was a substantial or motivating factor for Defendants' alleged retaliatory actions on March 24, 2009.

C.  Supervisory Liability Claim

As mentioned above, Plaintiff filed a request to add Defendant Jacquez as a Defendant in this action. The Court construes his request as a motion to amend the complaint to add Defendant Jacquez. Plaintiff's motion is GRANTED.

Plaintiff is apparently suing Defendant Jacquez in his supervisory capacity. Plaintiff does not allege facts demonstrating that Defendant Jacquez violated his federal rights, but seems to claim he is liable based on the conduct of his subordinates. There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the

5

actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Id.  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

    Plaintiff's claim against Defendant Jacquez is therefore dismissed with leave to amend.  Plaintiff may file an amendment to the complaint that alleges Defendant Jacquez's supervisory liability under the standards explained above.

## CONCLUSION

    For the foregoing reasons, the Court orders as follows:

    1.  Plaintiff states a cognizable Eighth Amendment claim against Defendants Senuta, Lesina and Bemrose stemming from the March 24, 2009 incident.

    2.  Plaintiff's retaliation claim against Defendants Senuta, Lesina and Bemrose for allegedly retaliating against him for filing previous complaints against the other PBSP officers is DISMISSED WITH LEAVE TO AMEND as indicated above.

    3.  Plaintiff's motion to amend the complaint to add Defendant Jacquez is GRANTED.

    4.  Plaintiff's supervisory liability claim against Defendant Jacquez is DISMISSED WITH LEAVE TO AMEND as indicated above.

1    5.   Within <u>thirty (30) days</u> of the date of this Order Plaintiff may file an amendment to the complaint with his amended retaliation claim against Defendants Senuta, Lesina and Bemrose as well as his supervisory liability claim against Defendant Jacquez as set forth above in Sections II(B) and (C) of this Order. (Plaintiff shall resubmit only those claims and not the entire complaint.)  The failure to do so will result in the dismissal without prejudice of the retaliation claim against Defendants Senuta, Lesina and Bemrose as well as the supervisory liability claim against Defendant Jacquez.

6.   The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto and a copy of this Order to: <u>PBSP Correctional Officers C. Senuta, R.J. Lesina and J.R. Bemrose</u>.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  The Clerk shall mail a copy of this Order to Plaintiff.

7.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendants will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served

on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    8.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than <u>ninety (90) days</u> from the date Defendants' answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later

8

than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence

9

may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

     c.  If Defendants wish to file a reply brief, Defendants shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

     d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    9.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    10.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    11.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    12.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 5/10/10



CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARLTON PAYNE,

        Plaintiff,

  v.

C SENUTA et al,

        Defendant.

Case Number: CV09-04084 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlton Payne J-88526
Pelican Bay State Prison
P.O. Box 7500
C12-222
Crescent City, CA 95532

Dated: May 10, 2010

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk